UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUN'S MOTORCAR GROUP LLC, *et al*, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-4736 |
| | § | |
| QRS AUTO GROUP, INC, *et al*, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants, QRS Auto Group, Inc., Shao Guang He a/k/a, David Ho and Guangzho Kaisi Investment Co., Ltd, a/k/a Guangzhoushi Kaisi Torzi Youxian Gongsi's ("Kaisi") motion for summary judgment and the plaintiff, Sun's Motorcar Group, LLC ("SMG") and Tielin Sun's response. The Court determined that, because the motion could not be addressed before March 6, trial on the merits would be more efficient and conclusive.

**II.**

The evidence received in this case shows that in August of 2002, Sun formed a Texas corporation known as QRS Auto Group, Incorporated. Eight months later he entered into an agreement with US Jin Chen Enterprises for the purchase and delivery of automobile wheels to be manufactured in China. David Ho was a signatory to this agreement. To fulfill its obligations under the purchase agreement with US Jin Chen, Sun was required to provide and/or approve a logo that was to be embossed on the wheel covers. An agreement was reached and US Jin Chen delivered the first shipment of 699 wheels with the "BZO" logo on July 22, 2003. Additional shipments followed in August, September and October 2003.

In the meantime, Sun and Yu Gang, a representative of Kaisi, commenced discussion about a

joint venture between Kaisi and Sun.  Pursuant to joint venture plans, Kaisi purchased QRS, a corporation formed by Sun, from Sun for the costs of setting up the corporation.  QRS became a subsidiary of Kaisi at that time.

On July 11, 2003, SMG was formed as the venture company between Sun and Kaisi.  QRS would hold Kaisi's interest of 51% of SMG, and Sun would own 49%.  According to Sun, he was to transfer $600,000 of auto parts and accessories to the newly formed company SMG.  However, QRS asserts that Sun never fulfilled his part of the bargain.  Nevertheless, in November of 2003, Kaisi approved a joint venture between QRS and SMG for the manufacture, delivery and sale of wheels.  Kaisi was to transfer $1,000,000 US currency into QRS and gave instructions to Hongkong Hongxing International Investment Co., Ltd., to remit the funds to QRS's account in the United States.

In November 2003, Kaisi sent a shipment of 1,271 wheels to Sun.  This move was necessary, according to Sun, because Kaisi was unable to transfer U.S. currency into its QRS account.  Therefore, Kaisi would fund its portion of the joint venture by the sale of wheels to equal the promised cash investment.  He denies that these are the facts and, instead claims that the shipment was an attempt to establish a trusting business relationship between QRS and Sun.  The joint venture had failed.  It is noteworthy that these wheels, too, carried the BZO logo.  However, the customer or purchaser of the wheels, New Horizon Management Corporation, a/k/a Rollos, stopped payment on its second check in March of 2004.  This event led to negotiations between Sun, Ho, a QRS representative, and Yu Gang, a Kaisi representative.  It appears from the evidence, that the joint venture effort ended about this time.

According to Ho, the joint venture was never consummated. Although Kaisi was ready to go forward, Ho contends that Sun refused to provide financial statements demonstrating the solvency of Sun and SMG. Hence, Ho contends that Kaisi refused to fund its portion of the joint venture. Ho also claims that a verbal agreement existed concerning November shipment of 1271 wheels. According to Ho, the profits from those wheels were to be divided 60% to QRS, 20% to SMG and 20% to Ho. It is Ho's testimony that the November shipment of wheels was to gross $210,000. Therefore, after paying $161,005 to the manufacturers, $48,995 in profits should remain. However, the alleged oral agreement became snared in the joint venture dispute. As a result, QRS received only $57,350. The remainder of the sale price, $57,350, was collected by Sun after he learned that QRS was attempting to sell BZO wheels directly to Rollos. At the time, Sun had issued his check for $32,525, representing a settlement of the remainder owed to the parties' account. However, Sun stopped payment on his check because of their dispute.

During this same time period, QRS filed a trademark registration of the trademark, "BZO." On March 31, Custom Wheel Wholesale, Inc., a separate company, filed an application for the same mark. It sought to use "BZO" as a service mark. QRS's application was approved or registered on March 15, 2004, and custom wheel's application was cancelled or withdrawn.

Sun contends that he designed the mark during his negotiations with US Jin Chen and that the proof of that fact is revealed in the shipments of "BZO" wheels as early as August of 2003, before the joint venture was consummated. QRS contends that the mark belongs to China Wheels, the manufacturer of the wheels, and that authority to register the mark was given or sold to QRS in October of 2003. David Ho testified that he and a friend at China Wheels designed the logo between February and April 2003. Yet, QRS represented to the U. S. Patent and Trademark Office that it first used the BZO logo on wheels imported on October 1, 2003.

**III.**

In this case, the defendants seek damages from the plaintiff for what the defendants claim to be a trademark infringement.  The plaintiff, likewise, claims ownership of the mark contending that he created and designed the mark for his wheel covers.  To establish trademark infringement either party must establish that:  (a) he has established the "BZO" mark as his trademark; (b) he had established the mark before the other began marketing under the mark; and, (c) the use of the mark by the other is/has caused confusion in the market place *See* 15 U.S.C. § 1114(1); *Elvis Presley Enterprises vs. Capece*, 141 F.3d 188, 193 (5th Cir. 1998).

The evidence also fails to establish that the defendants registered the "BZO" mark before the plaintiff sold products bearing the mark in the public forum.  The Court attributes truth to Sam's testimony that he and a US Jin Chen representative, perhaps even Ho designed the mark.  The first shipment of wheels bearing the "BZO" mark were marketed by Sun several months before QRS filed its application claiming the mark.  Therefore, QRS cannot establish each of the elements of its suit.

The evidence shows that the "BZO" mark has become identified with Sun products as distinguished from QRS products.  However, the fact that the plaintiff is using the "BZO" mark does not mean that the plaintiff has established ownership.  The evidence in this regard is lacking.  Therefore, the Court holds that neither the plaintiff nor the defendant has established a right to trademark protection as to each other.

The defendants also assert that Sun owes them funds from the delivery of the shipment of 1,271 wheels.  The evidence in this regard is not clear.  However, the Court is of the opinion that Sun owes QRS the sum of $32,525, the balance owed because of Rollos' insufficient fund check.  Therefore, judgment will be entered for that sum.  Claims for attorneys fees by both parties and

for other relief are Denied.  Finally, the defendant's offer of declaration concerning the business records of China Wheel and QRS, even if admitted, does not advance its claim of trademark infringement.  The plaintiff's objection is sustained.

It is so Ordered.

SIGNED and ENTERED this 29th day of March, 2007.

_____
Kenneth M. Hoyt
United States District Judge